FILED
2026 Sep-30 PM 02:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**MIDDLE DIVISION**

| | |
|---|---|
| **DRAPER ROGERS,**<br>Plaintiff,<br><br>**v.**<br><br>**ANDREW LANG,**<br>***in his individual and official capacity, et al.*,**<br>Defendants. | **Case No. 4:25-cv-1119-CLM** |

**MEMORANDUM OPINION**

Pro se Plaintiff Draper Rogers sues 13 individuals and entities alleging constitutional violations based on a traffic stop, subsequent state-court proceedings, attempts to file a federal lawsuit, and the state appeals process. Specifically, Rogers sues the City of Glencoe, City Attorney Dana Rice, Municipal Prosecutor Lance Smith, Glencoe Police Department, Officer Andrew Lang, Glencoe Municipal Court, Judge Tom King, former clerk Sherri Robinson, clerk Tashia Blackerby, clerk Kelley Rhoades, Etowah County Circuit Court, clerk Cassandra Johnson, and Judge George C. Day, Jr.

All parties except Judge King have moved to dismiss, (docs. 19, 20, 22, 23, 24, 35). Rogers moves for appointment of counsel and a legal interpreter (docs. 47, 48, 51, 64); for sanctions (doc. 46); to compel production of public records (docs. 55, 60); to clarify governing framework (doc. 76); to preserve constitutional rights (doc. 48); and for a jury trial (doc. 59).

For the reasons stated within, the court **GRANTS** all pending motions to dismiss, (docs. 19, 20, 22, 23, 24, 35), except Judge Day and Johnson's first motion to dismiss, (doc. 17), which the court **DENIES AS**

**MOOT**. The court **DISMISSES WITH PREJUDICE** Rogers's claims against Glencoe Police Department, Officer Andrew Lang, Glencoe Municipal Court, and Etowah County Circuit Court and **DISMISSES WITHOUT PREJUDICE** Rogers's remaining claims. The court **DENIES** Rogers's pending motions, (docs. 46, 47, 48, 51, 54, 55, 59, 60, 65, 66, 67, 76, 79).

## BACKGROUND

Rogers is defending against motions to dismiss, so the court takes his pleaded facts as true. *Crowder v. Delta Air Lines, Inc.*, 963 F.3d 1197, 1202 (11th Cir. 2020). And because Rogers is proceeding pro se, the court liberally construes the allegations in his amended complaint, (doc. 14). *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### A. The Facts

On November 15, 2021, Officer Lang of Glencoe P.D. pulled Rogers over "outside Glencoe's jurisdiction." (Doc. 14 at 6, ¶18). The traffic stop resulted in three charges against Rogers: driving while license suspended, speeding, and lack of driver's insurance, leading to "a payment under duress of $205." (*Id.* at 7, ¶20; Doc. 14-8 at 13).

At a June 4, 2025, hearing at the Glencoe Municipal Court, Judge King wouldn't let Rogers plead his case, ignored requests for appointed counsel and a legal interpreter, wouldn't hear his oral motion to dismiss for lack of jurisdiction, wouldn't let him record the proceedings, and made him pay fees. (Doc. 14 at 8, ¶25). Lance Smith, municipal prosecutor, was present at the hearing. (*Id.* at 11, ¶35).

After Rogers "pleaded guilty under confusion and lack of due process," he called the clerk of court, Sherri Robinson, who told him to wait 30 days to file an appeal. (*Id.* at 9, ¶30a). He did, and the wait caused Rogers to miss the deadline to appeal. (*Id.*). Robinson later told Rogers he could not reschedule a court date unless he paid $50 and "told him not to come if he didn't have the money—causing Plaintiff to miss court under fear of arrest." (*Id.* at 10, ¶30b).

Glencoe city clerk Tashia Blackerby "refused to provide specific minutes or adequate detail from municipal sessions" upon Rogers's request.[1] (*Id.* at 10, ¶31).

Rogers gave Glencoe Municipal Court clerk Kelley Rhoades his federal lawsuit to copy and serve on defendants. (*Id.* at 10, ¶32). Rhoades told him that, "by order of Judge King, the clerks were not to provide copies" and kept and filed it in his pending case in front of Judge King. (*Id.*). City Attorney Dana Rice also instructed the clerks not to give Rogers copies. (*Id.*). Thus, Rogers lost access to his only copy of his federal complaint. (*Id.* at 11, ¶34).

Rogers also brought his federal complaint to the Etowah County Circuit Court to ask for copies, but clerk Cassandra Johnson filed it and charged him filing fees. (*Id.* at 12, ¶36). Judge Day transferred the case to Glencoe Municipal Court because the filing related to Rogers's case there. (*Id.* at 12, ¶38). Rogers made multiple motions for the state court to transfer the case to federal court and relieve him of fees, which the state court denied. (*Id.*).

**B. Rogers's Claims**

Rogers's amended complaint asserts five counts. Count 1 alleges an unlawful stop in violation of the Fourth Amendment against Officer Lang, Glencoe Police Department, and the City of Glencoe under a theory of *Monell* liability. (Doc. 14 at 13). Rogers alleges that the stop "occurred outside Glencoe jurisdiction without legal authority, violating Plaintiff's right to be free from unreasonable seizure," and that "[t]he City's policies/customs and failure to train/supervise were the moving force behind the violation." (*Id.* at ¶¶ 41-42).

Count 2 alleges a violation of Rogers's procedural due process under the Fourteenth Amendment against the City of Glencoe under a theory of *Monell* liability, Glencoe Municipal Court, Judge King, Robinson, Blackerby, Rhoades, and Rice. (*Id.* at 13-14). Rogers alleges that these defendants deprived him of "notice, opportunity to be heard, and

[1] Rogers sued Blackerby in her capacity as Clerk of Court at Glencoe Municipal Court, but Blackerby is actually the City Clerk for the City of Glencoe. (Doc. 22 at 1).

fundamental fairness" by denying counsel and an interpreter, refusing to hear motions, refusing to allow him to record court proceedings, and continuing scheduling his court proceedings "after acknowledging lack of jurisdiction." (*Id.* at 14, ¶ 43).

Count 3 alleges First and Fourteenth Amendment violations against Robinson, Blackerby, Rhoades, Rice, Johnson, the City of Glencoe, Judge King, and Judge Day. (*Id.* at 14). Rogers alleges that these defendants inhibited his access to courts by "refusing copies/receipts, retaining Plaintiff's only copy, misfiling in state court contrary to instructions, and failing to correct know jurisdictional defects." (*Id.* at ¶ 44).

Count 4 alleges Sixth Amendment right to counsel and Due Process violations against the City of Glencoe, Glencoe Municipal Court, and Judge King. (*Id.* at 14). Rogers alleges that on June 4, 2025 and July 16, 2025, his "requests for appointed counsel (and a legal interpreter to comprehend the proceedings) were ignored/denied, while the court pressed forward," which denied his rights in "criminal/quasi-criminal municipal prosecutions." (*Id.* at ¶ 45).

Count 5 requests declaratory and injunctive relief against Glencoe Municipal Court, Judge King, and the City of Glencoe. (*Id.* at 15). Rogers "seeks a declaration that the municipal stop/prosecution lacked jurisdiction, and an injunction dismissing/staying municipal cases and prohibiting further proceedings absent lawful jurisdiction and due-process safeguards." (*Id.* at ¶ 46).

Rogers seeks the following relief:

- Compensatory damages, "including refund of the $205 paid 01/06/2021 and any other amounts traceable to the unlawful stop/proceedings"
- punitive damages
- a declaratory judgment "that the 11/15/2020 stop and subsequent municipal-court actions violated Plaintiff's rights and lacked jurisdiction"

- injunctive relief including "dismissal/stay of municipal cases; orders ensuring proper filing/records access; non-retaliation; and accommodation of counsel/interpreter requests"
- and costs and fees.

(*Id.* at 15-16).

## DISCUSSION

Defendants move to dismiss Rogers's claims on several grounds. (*See* Docs. 19, 20, 22, 23, 24, 35). The court agrees that all of Rogers's claims must be dismissed for failing to comply with federal pleading standards. But some claims must also be dismissed for reasons that bar Rogers from re-raising them.

To help Rogers understand the difference, the court provides the chart below. In it, the claims crossed out in red are claims that Rogers *cannot* raise in his second amended complaint for reasons explained in Section I. The claims that are not crossed out are dismissed without prejudice for deficient pleading, meaning that Rogers *can* re-raise those claims in his second amended complaint, if he timely files one. Claims with an asterisk next to them are claims that Rogers can raise again but are also subject to dismissal for reasons other than shotgun pleading as explained in Section II.

| | |
|---|---|
| Count I | ~~Officer Lang~~<br>~~Glencoe Police Department~~<br>~~City of Glencoe~~ |
| Count II | ~~City of Glencoe~~<br>~~Glencoe Municipal Court~~<br>Judge King*<br>Robinson*<br>Blackerby<br>Rhoades*<br>Rice |

| | |
|---|---|
| Count III | Robinson*<br>Blackerby<br>Rhoades*<br>Rice<br>Johnson*<br>City of Glencoe<br>Judge King*<br>Judge Day* |
| Count IV | ~~City of Glencoe~~<br>~~Glencoe Municipal Court~~<br>Judge King* |
| Count V | ~~Glencoe Municipal Court~~<br>Judge King*<br>~~City of Glencoe~~ |

## I. Claims that are dismissed with prejudice

The court dismisses the following claims against the following defendants with prejudice, meaning that Rogers cannot raise these claims again if he chooses to file another amended complaint.

### A. Claims against the courts

First, the court dismisses all claims against Glencoe Municipal Court and Etowah County Circuit Court with prejudice because the Eleventh Amendment bars such claims.

Rogers names Glencoe Municipal Court in Counts 2, 4, and 5. He names Etowah County Circuit Court as a defendant but doesn't list the court as a defendant in any particular count.

Rogers can't sue either court for any of his claims. Both the Glencoe Municipal Court and the Etowah County Circuit Court are part of the Alabama state judiciary. As a result, both enjoy Eleventh Amendment

immunity and can't be sued under § 1983. *See McCullough v. City of Montgomery*, 2021 WL 2044900, at *2 (M.D. Ala. May 21, 2021) (citing ALA. CONST. ART. VI, § 145); *Jennings v. Alabama*, 2025 WL 3461550, at *3 (M.D. Ala. Dec. 2, 2025) (quoting *Steward v. Johnson*, 2023 WL 12138150, at *1 (N.D. Ala. Dec. 21, 2023) ("As a fundamental part of the judicial branch of the Alabama state government, the [Etowah] County Circuit Court stands as an arm of the State of Alabama" and enjoys Eleventh Amendment immunity)).

Thus, the court dismisses all claims against Glencoe Municipal Court and Etowah County Circuit Court with prejudice.

### B. Claims against the City of Glencoe related to Glencoe Municipal Court proceedings and procedures

In the same vein, any claims Rogers brings against the City of Glencoe that target the actions of the Glencoe Municipal Court and its staff must be dismissed with prejudice.

Rogers alleges that the City, "[t]hrough its agents (judges, officers, court staff), instituted policies that enabled constitutional violations" and seeks damages against the City "for the court-related policies/customs." (Doc. 14-1 at 3, 9). But as the City points out, Glencoe Municipal Court's procedures and staff are governed by state law, not the City's policies. (Doc. 23 at 12-14). Thus, Rogers sues the wrong defendant for these claims. And even if he had sued Glencoe Municipal Court, the court is immune to such suit.

Thus, the court dismisses all claims against the City of Glencoe that target the practices and employees of the Glencoe Municipal Court with prejudice.

### C. Claims against Glencoe PD

Next, the court dismisses all claims against Glencoe PD with prejudice because Glencoe PD isn't an entity that can be sued.

Rogers alleges that Glencoe PD "[e]nabled and carried out jurisdictional overreach" and "failed to safeguard [his] rights in stop and prosecution process." (Doc. 14-2 at 3). The City of Glencoe (doc. 23) and Officer Lang (doc. 19) move to dismiss because Glencoe PD is not a legal entity that can be sued. Rogers agrees and "requests the substitution of the City of Glencoe as the proper defendant." (Doc. 33 at 2; Doc. 39 at 3).

The court also agrees. "Sheriff's departments and police departments are not usually considered legal entities subject to suit." *Dean v. Barber*, 51 F.2d 1210, 1214 (11th Cir. 1992). Thus, the court dismisses all claims against Glencoe PD with prejudice. As to Rogers's request to substitute the City of Glencoe as the proper defendant, because Rogers already sued the City of Glencoe in Count I, the only count that Rogers pleaded against Glencoe PD, his request for substitution of the City of Glencoe is moot.

**D. Claims against Officer Lang and the City of Glencoe for the traffic stop**

The court next dismisses with prejudice all claims against Officer Lang and the City of Glencoe related to the traffic stop because these claims are barred by the statute of limitations.

Rogers alleges that Lang made "an unlawful stop on November 15, 2020, outside the jurisdictional boundaries of Glencoe, leading to wrongful charges." (Doc. 14-2 at 2). The City of Glencoe argues that any § 1983 claim against the City and Officer Lang is barred by Alabama's 2-year statute of limitations for personal injury actions because Rogers didn't sue until July 11, 2025—*i.e.*, more than four years after the stop. (Doc. 23 at 3-4).

The court agrees. "All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). In Alabama, the limitations period for personal injury actions is two years. *Id.* (citing Ala.

Code § 6-2-38). Thus, Rogers's claims against Lang and the City for Lang's alleged actions are time-barred, and the court dismisses them with prejudice.

## II. Claims that are dismissed without prejudice but subject to dismissal for reasons other than shotgun pleading

The court next addresses claims that Rogers pleaded that are subject to dismissal for reasons other than shotgun pleading. These claims may be viable if pleaded with sufficient facts in Rogers's second amended complaint, and therefore, the court dismisses them without prejudice.

### A. Claims about state-court proceedings

Rogers makes various allegations and statements throughout his complaint about his proceedings in Glencoe Municipal Court. He requests a declaratory order that Glencoe stop prosecuting Rogers because it lacks jurisdiction; an injunction dismissing and staying the municipal cases; and reimbursement of costs and fines from Glencoe Municipal Court proceedings. (Doc. 14 at 15-16).

Rogers let the court know that his proceedings in Glencoe Municipal Court related to the traffic stop are closed. (*See* Doc. 29 ("On August 25, 2025, Glencoe Municipal Court officially closed Case Nos. TR20-0001219 and TR20-0001220."); Doc. 78 at 2 ("[T]he municipal prosecution referenced in this action has concluded without a conviction or judgment against Plaintiff.")). But Rogers still "seeks dismissal of all charges with prejudice in any remaining state or municipal matter" and seeks reimbursement of costs and fees from his state-court proceedings. (Doc. 34).

The Circuit Court Defendants—Etowah County Circuit Court, Judge Day, and Cassandra Johson—and the City of Glencoe argue that this court lacks jurisdiction under the *Rooker-Feldman* doctrine because Rogers's complaint is essentially an appeal of a state court judgment. (Docs. 24, 35). Rogers argues that he challenges due process violations that occurred in state-court proceedings but doesn't seek to reverse the judgments, so *Rooker-Feldman* doesn't bar his claims. (Doc. 33 at 4).

Rogers also argues that because the municipal cases are no longer pending, *Rooker-Feldman* doesn't apply. (Doc. 29).

The *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). It applies not only to claims actually raised in the state court, but also to claims that were not raised in the state court but are "inextricably intertwined" with the state court's judgment. *Powell v. Powell*, 80 F.3d 464, 466 (11th Cir. 1996). "The crucial question in determining the applicability of *Rooker–Feldman* is whether the relief requested of the federal court would effectively reverse or void the state court's ruling." *Bosdorf v. Beach*, 79 F. Supp. 2d 1337, 1339 (S.D. Fla. 1999). The "doctrine is intended to ensure that litigants do not take multiple bites from the same apple." *Id.*

Rogers's challenges to the state-court proceedings likely "complain of injuries caused by state-court judgments and invite . . . review and rejection of those judgments," which *Rooker-Feldman* expressly bars. *May v. Morgan Cnty.*, 878 F.3d 1001, 1005 (11th Cir. 2017) (quoting *Exxon*, 544 U.S. at 284). Thus, to survive a motion to dismiss on these claims, Rogers will have to explain in his second amended complaint how any claims related to his state-court proceedings are not barred by *Rooker-Feldman*.

**B. Claims against judges and clerks of courts**

Rogers asserts claims against Judges King and Day for a variety of actions. Rogers alleges that Judge King "[a]dmitted lack of jurisdiction without dismissing the case, denied motions, coerced plea, [and] ordered obstructive actions." (Doc. 14-1 at 2). Rogers alleges that Judge Day "[a]ccepted and ruled upon improperly filed federal complaint; refused to correct despite notification of error; [and] denied justice." (*Id.* at 3).

"Judges are entitled to judicial immunity for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of jurisdiction." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (quotation omitted). Judges act in their judicial capacity when the

act is (1) "a normal judicial function"; (2) "occurred in the judge's chambers or in open court"; (3) involved a case pending before the judge;" and (4) "the confrontation arose immediately out of a visit to the judge in his official capacity." *Id.*

Rogers fails to explain how any of the judges' actions were outside their official capacity or why the judges are not entitled to immunity for their actions. Rogers makes conclusory statements that the judges acted "in the clear absence of jurisdiction" but fails to explain how any of their actions were outside of their judicial capacity. To survive a future motion to dismiss, Rogers will need to explain how the judges acted outside of their official capacities and how those actions caused him harm.

Rogers makes similar allegations against Glencoe Municipal Court and Etowah County Circuit Court clerks. Rogers alleges that Sherri Robinson, former Glencoe Municipal Court clerk, "[m]isled [him] regarding appeal deadlines, obstructed filings" and "imposed unjust payment demands to delay proceedings." (Doc. 14-1 at 2). Rogers alleges that Kelley Rhoades, Glencoe Municipal Court clerk, "[u]nder Judge King's instruction (via Dana Rice), withheld [his] only copy of federal complaint and required receipt of delivery." (*Id.*). Rogers alleges that Cassandra Johnson, Etowah County Circuit Court clerk, "[m]isfiled [his] federal complaint as state court filing; misrepresented [his] intent; [and] failed to correct errors." (*Id.* at 3). Johnson also allegedly sent a public records request from Rogers, which sought records naming Johnson and Judge Day, directly to Judges Day and King. (*Id.*)

"Court clerks are entitled to judicial immunity when they are engaged in their discretionary functions." *Williams v. Adams*, 2011 WL 13175771, at *3 (N.D. Ala. Dec. 22, 2011) (citing *Almon v. Gibbs*, 545 So.2d 18, 20 (Ala. 1989)); *see also Jenkins v. Clerk of Ct., U.S. Dist. Ct., S. Dist. Of Fla.*, 150 F. App'x 988, 990 (11th Cir. 2005) (per curiam) ("Nonjudicial officials have absolute immunity for their duties that are integrally related to the judicial process."). Clerks "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction." *Tarter v. Hury*, 646 F.2d1010, 1013 (5th Cir. Unit A June 1981); *Roland v. Phillips*, 19 F.3d 552, 556 n.4 (11th Cir. 1994) ("When a court official acts pursuant to a direct judicial

order, absolute quasi-judicial immunity is obvious."). "This absolute immunity for acts within the jurisdiction of the judicial officer is extended even where the officer acts in error, maliciously, or in excess of his authority." *Almon*, 545 So.2d at 20.

Rogers fails to explain how any of the clerks' actions were outside of their discretionary duties or why the clerks aren't entitled to immunity for their actions. To overcome a motion to dismiss on his claims against the court clerks, Rogers must explain how these actions fall outside the broad immunity granted to clerks in their official capacity and how these actions caused him harm.

## III. Shotgun Pleading

Finally, the court addresses the pleading deficiencies present throughout Rogers's Amended Complaint, which leads the court to dismiss all of his remaining claims without prejudice.

Lang argues that the complaint is a shotgun pleading because Rogers "named thirteen defendants, including two judges and two court clerks and two state courts, in a shotgun list of legal theories." (Doc. 19 at 5). Lang argues Rogers's complaint falls into three categories of shotgun pleading: it "[is] replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; it fails to "separate[] into a different count each cause of action or claim for relief"; and it "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015).

The court agrees. *Federal Rule of Civil Procedure* 8(a)(2) requires that a complaint show in a short and plain statement that the pleader is entitled to relief. And Rule 10(b) states that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to

> a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Rogers's complaint fails to meet these requirements for at least four reasons. First, Rogers alleges "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." *Weiland*, 792 F.3d at 1323. Although Rogers names specific defendants in each count, he fails to specify what each defendant did. For example, Rogers pleads Count 2, Fourteenth Amendment Due Process (Procedural) – § 1983, as follows:

> Against City of Glencoe (Monell); Glencoe Municipal Court (injunctive/declaratory); Judge Tom King (prospective relief); Clerks Robinson/Blackerby/Rhoades (ministerial acts); City Attorney Dana Rice (interference).
>
> 43. Denial of counsel/interpreter, refusal to hear motions, refusal to allow recording in a court of no record, and continued scheduling after acknowledging lack of jurisdiction deprived Plaintiff of notice, opportunity to be heard, and fundamental fairness.

(Doc. 14 at 14). Which facts are relevant to which defendants? It's unclear. As with his other counts, Rogers fails to explain in Count 2 who did what and how these actions violated the legal right he asserts.

Second, Rogers fails to incorporate factual allegations within his counts, scattering facts randomly throughout the complaint. To try to understand Rogers's allegations, one must flip back and forth through the 216-page complaint and its attachments, which expound on the events that occurred, the law that may be relevant, and the relief that Rogers seeks, among other things. He includes as separate exhibits:

- "Defendants & Alleged Actions" (Doc. 14-1)
- "Ultra Vires Violations and Defendants' Actions" (Doc. 14-2)
- "Audio Recordings/Photos and Video Evidence" (Doc. 14-3)

- "Correspondence Regarding Threats" (Doc. 14-8)
- "Settlement Demand Letter" (Doc. 14-11)
- "Relevant Federal or State Law Excerpts" (Doc. 14-12)
- "Supporting Case Law Examples" (Doc. 14-13)
- "Rule 8.4 Violations" (Doc. 14-14)

Some exhibits simply recite his allegations in a different order or manner. This makes his complaint "so disorganized and ambiguous that it is almost impossible to discern precisely what it is that [he is] claiming." *Cramer v. State of Fla.*, 117 F.3d 1258, 1261 (11th Cir. 1997).

Third, Rogers's complaint is filled with conclusory, vague, and immaterial facts that he doesn't connect to the counts he asserts. Throughout, Rogers alleges that he suffered "constitutional violations" and that Defendants' actions were unlawful but doesn't elaborate. (*See generally* Doc. 14). In some counts, Rogers simply recites the legal standard for liability as his allegation. For example, in Count I, Rogers states that "[t]he City's policies/customs and failure to train/supervise were the moving force behind the violation." (*Id.* at 13). This is the standard for *Monell* liability. *See Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978) (requiring some "action pursuant to official municipal policy of some nature [that] caused a constitutional tort" for a municipality to be liable for the acts of its employees). But Rogers doesn't explain anything about the particulars. What policies or customs does the City of Glencoe have in place? And how were these policies or customs the moving force behind any alleged violation? Without more details, these allegations are conclusory and insufficient.

Fourth and finally, it is unclear whether some of the exhibits attached to Rogers's complaint are distinct claims that he seeks to bring against Defendants or are simply meant to serve as further factual allegations to support Counts 1-5. If the charges are factual allegations and not new claims, many of the allegations Rogers makes in his attachments don't appear relevant to his claims. For example, the attachment "Rule 8.4 violations," (doc. 14-14), discusses the Alabama Rules of Professional Conduct and possible violations by various

defendants but fails to explain how the alleged violations support the counts he asserts against those defendants. Similarly, Exhibit B, "Ultra Vires Violations and Defendants' Actions," (doc. 14-2), describes how particular individuals allegedly acted outside of their lawful authority. It is unclear if these allegations are meant to support his counts or are separate claims.

This type of pleading is improper because it fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. So the court will **GRANT** Defendants' motions to dismiss (docs. 19, 20, 22, 23, 24, 35), **DISMISS** all remaining claims in Rogers's amended complaint (doc. 14) **WITHOUT PREJUDICE**, and give Rogers **one final chance** to amend his complaint to comply with Rules 8(a) and 10(b)'s requirements. *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) ("In the special circumstance of non-merits dismissals on shotgun pleading grounds, we have required district courts to sua sponte allow a litigant one chance to remedy such deficiencies.").

## IV. Amending the complaint

In its conclusion, the court gives Rogers one more chance to amend his complaint in compliance with the rules and this order. If Rogers chooses to file a second amended complaint, he **must** organize his complaint into these five sections:

*Section #1: Parties*: The first section of Rogers's complaint should list, in separately numbered paragraphs, ***all*** parties to this action. Any party not listed will not be considered part of this case.

This section should also include a brief description of Rogers and each Defendant and their connection to Rogers and his lawsuit.

*Section #2: Jurisdiction*: The second section of Rogers's amended complaint should explain, in a short and plain statement, why this federal court has jurisdiction over the parties and subject matter of this case. *See* Fed. R. Civ. P. 8(a)(1).

*Section #3: Statement of Facts*: The next section of Rogers's amended complaint should describe all of the facts that Rogers contends are relevant to his claims. These facts should be listed "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). Rogers should not include any facts that are irrelevant or immaterial to his claims. Nor should Rogers attach exhibits or notices that try to add facts. The court will not consider them. All facts should be in the same section of his complaint.

*Section #4: Counts*: Rogers should then divide his claims for relief into separate counts that contain "a short and plain statement" explaining why Rogers is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). Each count must (a) explain which Defendant(s) that count is brought against, (b) explain which alleged facts are relevant to that count, and (c) not include multiple causes of actions or claims within the same count. Currently, Rogers's counts do not explain which alleged facts are relevant to the counts. To the extent that Rogers alleges that he was denied due process in multiple unrelated proceedings against multiple defendants, he will need to plead a separate count for each of these alleged violations. If a defendant is not named in any count, then the complaint does not allege any cause of action against that defendant.

*Section #5: Demand for Relief*: The final section of Rogers's amended complaint must describe the relief he seeks, including all alternate or different types of relief that he desires. *See* Fed. R. Civ. P. 8(a)(3). Rogers includes a section doing this. But he also scatters different forms of relief throughout his current 216-page complaint. All relief should be included in this one section, or it will not be considered.

—

Rogers will have until on or before **October 21, 2026,** to file an amended complaint that complies with the court's requirements. Failure to timely file an amended complaint that follows the court's instructions **will result** in the court dismissing Rogers's complaint **with prejudice**.

## CONCLUSION

For the reasons stated within, the court **GRANTS** the motions to dismiss filed by all parties, (docs. 19, 20, 22, 23, 24, 35), except Judge Day and Johnson's first motion to dismiss, (doc. 17), which the court **DENIES AS MOOT**. The court **DISMISSES WITH PREJUDICE** all claims against Glencoe Police Department, Officer Andrew Lang, Glencoe Municipal Court, and Etowah County Circuit Court and **DISMISSES WITHOUT PREJUDICE** Rogers's remaining claims. The court **DENIES** all remaining Plaintiff's motions (docs. 46, 47, 48, 51, 54, 55, 59, 60, 65, 66, 67, 76, 79).

The court **DIRECTS** the Clerk of Court to mail a copy of this order to pro se Plaintiff Draper Rogers at his address of record. The court will enter a separate order that carries out this ruling.

**DONE** and **ORDERED** on September 30, 2026.

**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE